THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID MICHAEL BISHOP and SLIM VENTURES, LLC, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES; INTERNAL REVENUE SERVICE; and TIMOTHY BAUER, Internal Revenue Agent (ID #0324589), in his Official Capacity, <br><br> Respondents. | **MEMORANDUM DECISION AND ORDER DENYING [28] MOTION FOR RELIEF FROM ORDER AND JUDGMENT, AND/OR TO STAY EXECUTION ON JUDGMENT PENDING APPEAL** <br><br> Case No. 2:22-cv-00340-DBB-DBP <br> Case No. 2:22-cv-00341-DBB-DBP <br> Case No. 2:22-cv-00344-DBB-DBP <br> Case No. 2:22-cv-00345-DBB-DBP <br> Case No. 2:22-cv-00347-DBB-DBP <br> Case No. 2:22-cv-00348-DBB-DBP <br> Case No. 2:22-cv-00351-DBB-DBP <br> Case No. 2:22-cv-00352-DBB-DBP <br><br> District Judge David Barlow |

The matter before the court is Petitioners David Michael Bishop ("Mr. Bishop") and Slim Ventures, LLC's ("Slim Ventures") (collectively "Petitioners") Motion for Relief from Order and Judgment, and/or to Stay Execution on Judgment Pending Appeal.[1] Petitioners move for relief from judgment in favor of Respondents United States, the Internal Revenue Service (the "IRS"), and Internal Revenue Agent Timothy Bauer (ID #0324589) ("Agent Bauer") (collectively "Respondents"). Petitioners also move for a stay pending appeal. Having reviewed the briefing and relevant law, the court finds that oral argument would not materially assist the court.[2] For the reasons below, the court denies Petitioners' motion.

---

[1] Mot. for Relief from Order & J. and/or to Stay Execution on J. Pending Appeal ("Mot. for Relief"), ECF No. 28, filed Jan. 16, 2023.
[2] *See* DUCivR 7-1(g).

1

## BACKGROUND

On May 7, 2022, the IRS issued eight summonses to four financial institutions.[3] In May 2022, Petitioners filed corresponding petitions to quash.[4] On August 26, 2022, Respondents moved to deny the eight petitions and enforce the summonses against Summit Crest Financial, LLC ("Summit Crest") and Wells Fargo Bank NA ("Wells Fargo").[5] On January 9, 2023, the court granted the motion.[6] The court ordered the two financial institutions to respond within thirty days.[7] Petitioners filed the instant motion on January 16, 2023.[8] Respondents filed an opposition on February 2, 2023.[9] Petitioners replied six days later.[10]

## DISCUSSION

Petitioners move the court to provide relief from judgment. Alternatively, they move to stay enforcement of the summonses pending appeal. The court addresses each request in order.

### I. Relief from Final Judgment Is Not Warranted.

Petitioners ask the court to vacate and amend its order pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.[11] They filed their motion seven days after

---

[3] *See, e.g.*, Summons, ECF No. 2-6, *Bishop v. United States*, 2:22-cv-00340 (D. Utah May 20, 2022).

[4] Pet. to Quash Summons, ECF No. 2, filed May 20, 2022. In seven related cases, Petitioners filed nearly identical motions to quash IRS summonses: *Slim Ventures v. United States*, No. 2:22-cv-00341; *Bishop v. United States*, No. 2:22-cv-00344; *Slim Ventures v. United States*, No. 2:22-cv-00345; *Bishop v. United States*, No. 2:22-cv-00347; *Slim Ventures v. United States*, No. 2:22-cv-00348; *Slim Ventures v. United States*, No. 2:22-cv-00351; and *Bishop v. United States*, No. 2:22-cv-00352.

[5] ECF No. 13.

[6] Order Granting Resp't's Mot. to Summarily Deny Pets. to Quash IRS Summonses & Denying Pets. Mots. to Quash ("Order Denying Pets.") 18–19, ECF No. 30, filed Jan. 9, 2023.

[7] *Id.* at 19.

[8] *See* Mot. for Relief.

[9] Opp'n to Pets. Mot. to Vacate J. or Stay J. Pending Appeal ("Opp'n"), ECF No. 35, filed Feb. 2, 2023.

[10] Reply to Govt's Opp'n ("Reply"), ECF No. 36, filed Feb. 8, 2023.

[11] Petitioners' motion references Rule 46 and Rule 60(a) of the Federal Rules of Civil Procedure. "Rule 46 generally requires objections during trial proceedings to preserve questions for appeal." *Blaurock v. Kansas*, No. 12-3066, 2014 WL 6472870, at *1 (D. Kan. Nov. 18, 2014). And "Rule 60(a) covers a subset of 'mistake[s]'—*e.g.,* 'clerical' ones—whereas Rule 60(b)(1) covers 'mistake[s]' *simpliciter*[.]" *Kemp v. United States*, 142 S. Ct. 1856, 1863

judgment. The motion is timely under either rule.[12] "[H]ow we construe [which rule applies] depends upon the reasons expressed by the movant."[13] Petitioners' arguments center on the court's purported "Error, Mistake, Oversight, Omission, Inadvertence, And Other Considerations Justifying Relief."[14] Accordingly, the court analyzes the motion under Rule 60(b)(1) and (b)(6).[15]

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from a final judgment and order for "mistake, inadvertence, surprise, or excusable neglect."[16] Motions for relief "premised upon mistake are intended to provide relief to a party . . . whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order."[17] Under Rule 60(b)(6), the court may offer relief for "any other reason that justifies relief."[18] This rule is a "grand reservoir of equitable power to do justice in a particular case."[19] "Although [it] should be liberally construed when substantial justice will thus be served, relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances."[20] With the standard in mind, the court addresses Petitioners' claims that the lack of oral argument, a surreply, and an evidentiary hearing violated Petitioners' due process, and that the court erred in its factual and legal analysis.

---

(2022). Because there was no trial in this case and Petitioners do not assert a clerical mistake, the court addresses Rule 59(e) and Rule 60(b) only.
[12] *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(c)(1).
[13] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011); *see Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1244 (10th Cir. 2007) ("[A] 'motion to reconsider' filed prior to or within [28] days of entry of judgment may on occasion be construed as one arising under Rule 60." (citing *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005))).
[14] Mot. for Relief 2 (emphasis removed).
[15] The court declines to adopt a rule that "[a]ny request to vacate a judgment within 28 days of entry must be brought under Rule 59(e)." Opp'n 2. In *Skagerberg v. Oklahoma*, cited by Respondents, the movant sought relief under Rule 60 only. 797 F.2d 881, 883 (10th Cir. 1986). And in *Banister v. Davis*, the court discussed Rule 60 versus Rule 59 motions in the context of an appeal to a habeas petition. 140 S. Ct. 1698, 1710 n.9 (2020).
[16] Fed. R. Civ. P. 60(b)(1).
[17] *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722–23 (10th Cir. 2008).
[18] Fed. R. Civ. P. 60(b)(6).
[19] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019), *as corrected* (Feb. 15, 2019) (citation omitted).
[20] *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (cleaned up).

### A. Oral Argument

Petitioners contend that the court erred when it found oral argument unnecessary. They argue that such argument was needed because they could not have "mind-read in advance all potential arguments or precedents the Government might assert on reply" and even if they had anticipated the arguments, they lacked the filing length to respond in briefing.[21] These arguments are unavailing. Under the local rules, oral argument is permissive.[22] "Refusing to conduct an unnecessary hearing is not an abuse of discretion."[23] Here, the court determined that oral argument would not materially benefit its decision.[24] Nothing Petitioners raise in their motion persuade the court that oral argument would have been of assistance. This basis for relief is rejected.

### B. Surreply

Next, Petitioners argue that the court erred by treating Petitioners' notice of supplementary authority as a surreply and striking it. They contend that the court "invented a non-existent requirement" that a party can never submit cases in a notice of supplemental authority that have been published after the party's briefing.[25] By striking the notice, Petitioners argue that the court denied them due process.[26]

---

[21] Mot. for Relief 6 n.6.
[22] DUCivR 7-1(g) ("The court *may* set any motion for oral argument." (emphasis added)); *see Allender v. Raytheon Aircraft Co.*, No. 03-1396, 2005 WL 351693, at *2 (D. Kan. Feb. 7, 2005).
[23] *Pinson v. Berkebile*, 601 F. App'x 611, 614 (10th Cir. 2015) (unpublished) (citing *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 858–59 (10th Cir. 2005)).
[24] *See* Order Denying Pets. 2.
[25] Mot. for Relief 5; ECF No. 24, at 2.
[26] Mot. for Relief 5 n.4.

"The determination of whether to permit a party to file a sur-reply or notice of supplemental authority 'is committed to the sound discretion of the [district] court.'"[27] Petitioners have not shown that the court erred in treating their submission as a motion for a surreply. Because they never moved for leave to file a surreply,[28] it was proper to disregard their request. Even treating the filing as a notice of supplemental authority, Petitioners fail to explain why the cases came to their attention only after briefing and why the cases were pertinent and significant authority.[29] The bottom line is that denying a party leave to belatedly cite additional authority does not infringe due process. It is not an "extraordinary circumstance[]" that makes vacatur "necessary to accomplish justice."[30]

### C. Evidentiary Hearing

Petitioners contend that the court must allow an evidentiary hearing where they can cross-examine Agent Bauer. They allege that the "failure to do so result[s] in a denial of due process [and] unfair preclusion of the ability to explore the existing evidence . . . ."[31] To obtain an evidentiary hearing, Petitioners must assert "specific facts or circumstances plausibly raising an inference of bad faith."[32] Agent Bauer's declaration stated his authority, the investigation's purpose, and his reasons for issuing the summonses.[33] The court found that Respondents had

---

[27] *One Vodka, LLC v. Benchmark Beverage Co.*, No. 21-11456, 2022 WL 860444, at *2 (E.D. Mich. Mar. 22, 2022) (citation omitted); *see* DUCivR 7-1(a)(8).
[28] Petitioners could not have moved for leave to file a surreply in an opposition brief. *See* DUCivR 7-1(a)(3).
[29] Mot. Denying Pets. 5–6.
[30] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996).
[31] Mot. for Relief 4.
[32] *United States v. Clarke*, 573 U.S. 248, 254 (2014).
[33] *See* ECF No. 13-1.

made a prima facie showing of good faith.[34] Petitioners fail to identify specific facts or circumstances to overcome their heavy burden.[35] Mere accusations are not enough.[36]

Petitioners also argue that the court's reliance on Agent Bauer's declaration violates due process because the declaration is "purported second-hand hearsay" based on "misleading notes."[37] Petitioners offer no authority for the proposition that it is erroneous for a court to rely on an IRS agent's signed declaration. Indeed, "[t]he IRS generally meets th[eir] burden [in these cases] with an affidavit of the agent who issued the summons."[38]

### D. Factual and Legal Analysis

Petitioners last contend that the court erred in its factual and legal analysis. They argue that the court improperly relied on district court cases in finding that the IRS had a valid reason to investigate Mr. Bishop.[39] But Petitioners have not shown that the court erred. Based on Tenth Circuit precedent, the court reasoned that "[t]he IRS does not have to establish any probable cause to obtain enforcement of a summons."[40] Thus, the court found that Respondents met their

---

[34] *See Speidell v. United States Through Internal Revenue Serv.*, 978 F.3d 731, 738 (10th Cir. 2020), *cert. denied sub nom. Speidell v. United States*, 141 S. Ct. 2800 (2021), *reh'g denied*, 142 S. Ct. 921 (2021) (citation omitted); *Rice v. United States*, 9 F.3d 117 (10th Cir. 1993) (unpublished) ("Through the statements of [the] Revenue Agent . . . , the government clearly established its prima facie case for enforcement of the IRS summons." (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964))).
[35] *Standing Akimbo, LLC v. United States through Internal Revenue Serv.*, 955 F.3d 1146, 1155 (10th Cir. 2020); *see Clarke*, 573 U.S. at 254 ("Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.").
[36] For example, Petitioners claim that Agent Bauer was working for a "secret IRS unit known as the 'Lead Development Center' [that] . . . **_dragnetted the internet searching for individuals and entities who expressed public viewpoints_** about tax law disfavored by the IRS and the Biden administration" to "target Petitioners for investigation and a harassing shower of summons . . . **_SOLELY on account of the Petitioners' First Amendment expression about MIS_**." Mot. for Relief 6–7.
[37] *Id.* at 9.
[38] *Speidell*, 978 F.3d at 738; *see Clarke*, 573 U.S. at 250.
[39] *See* Mot. for Relief 7–8. Petitioners contend that the IRS's investigation was predicated on its desire to chill their First Amendment speech.
[40] *Rice*, 9 F.3d 117 (citing *Powell*, 379 U.S. at 57).

burden to show that their investigation was relevant and legitimate.[41] It is Petitioners' burden to overcome the government's prima facie showing. Petitioners cannot do so with unsupported arguments such as a claim that monetized installment sales are legal tax vehicles.[42] In sum, they have not demonstrated any substantive mistake or exceptional circumstances that would warrant relief under Rule 60(b).

## II.   Petitioners Do Not Meet their Burden for a Stay Pending Appeal.

Petitioners move the court to stay execution of the summonses against Summit Crest and Wells Fargo until the Tenth Circuit can address their appeal.[43] They first contend that the court has violated Rule 62(a)'s automatic stay requirements when it ordered enforcement within thirty days of judgment.[44] Petitioners misapprehend Rule 62(a). "[E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*."[45] Here, the court has ordered otherwise.[46] Even so, "the IRS [i]s not required to comply with Rule 62(a) because [executing summonses] [i]s injunctive in nature and therefore within the exceptions to the . . . automatic stay period of Rule 62(a)."[47]

For this reason, the court considers Petitioners' motion under the general standard for staying a civil judgment. The court weighs "(1) whether the . . . applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

---

[41] *See* Order Denying Pets. 11–12.
[42] *See Clarke*, 573 U.S. at 254.
[43] While they have not yet done so, Petitioners assert that they plan to appeal. Mot. for Relief 3.
[44] *Id.* at 3 n.1 ("[E]xecution on the summons without first waiting for Petitioners' pending appeal to the Tenth Circuit would deprive Petitioners of meaningful mandatory right of appeal[.]").
[45] Fed. R. Civ. P. 62(a) (emphasis supplied).
[46] ECF No. 30, at 19.
[47] *Rice v. United States*, 21 F.3d 1122 (10th Cir. 1994) (unpublished table decision) (citing *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)); *see United States v. Trenk*, No. 06-1004, 2009 WL 1298420, at *5 (D.N.J. May 8, 2009) ("[T]he government's summons enforcement proceeding is in the nature of an injunction." (citation omitted)); *United States v. Carlin*, No. 06-1906, 2006 WL 3208675, at *1 (E.D. Pa. Nov. 2, 2006).

injured absent a stay; (3) whether . . . the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[48]

First, Petitioners have not demonstrated that they are likely to succeed on the merits. The instant motion merely repackages their arguments that the investigation is unwarranted or has an unconstitutional purpose.[49] The court has already addressed Petitioners' arguments at length and explained how they are insufficient to overcome the IRS's prima facie showing of good faith.[50]

Next, Petitioners fail to show how they would suffer an irreparable injury should the court deny their motion for a stay. They argue that it would be prejudicial if the IRS executes the summonses and sees some of their private financial documents.[51] But prejudice is not inevitably irreparable injury,[52] especially in the context of IRS summonses.[53] "[T]he mere requirement to produce documents while an appeal is pending does not constitute sufficient harm to warrant a stay."[54] Plus, even if an appeals court reverses enforcement, a court could still grant relief.[55]

But harm might result to the government should the court grant a stay. Specifically, the IRS would be limited in its ability to investigate Mr. Bishop for purportedly promoting abusive

---

[48] *Taylor v. Crowther*, No. 2:07-cv-194, 2020 WL 1677078, at *1 (D. Utah Apr. 6, 2020) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).
[49] *See* Mot. for Relief 6–10.
[50] *See* Order Denying Pets. 9–17.
[51] Mot. for Relief 3.
[52] *See Gould v. Wyse*, No. 1:19-cv-00382, 2023 WL 171781, at *1 (D.N.M. Jan. 12, 2023) ("[T]he standard under the *Hilton* factors is not mere prejudice: it is irreparable injury.")
[53] *See United States v. Roe*, No. 10-cv-01049, 2010 WL 3777606, at *2 (D. Colo. Sept. 20, 2010) ("Several courts have held that the production of documents in response to an IRS summons is not sufficient irreparable injury to qualify for a stay of enforcement." (citation omitted)).
[54] *United States v. Bright*, No. 07-00311, 2008 WL 351215, at *3 (D. Haw. Feb. 7, 2008).
[55] *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992) (reasoning that the court could provide partial relief by ordering the government to "destroy or return any and all copies it may have in its possession").

tax schemes. "[T]here is . . . a public interest in the 'timely assessment of tax liabilities and enforcement of the tax laws.'"[56]

Last, the court cannot say that allowing the IRS's lawful investigation to continue would harm the public interest.[57] Petitioners' arguments to the contrary are irrelevant[58] or unpersuasive.[59] In short, their bald accusations do not outweigh the "the public['s] . . . interest in having the IRS perform its job."[60] For these reasons, the factors weigh against a stay.

## ORDER

Accordingly, the court DENIES Petitioners' Motion for Relief from Order and Judgment, and/or to Stay Execution on Judgment Pending Appeal.[61]

Signed February 22, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[56] *Trenk*, 2009 WL 1298420, at *6 (citation omitted); *see United States v. Jud. Watch, Inc.*, 241 F. Supp. 2d 15, 18 (D.D.C. 2003) ("[T]he public has a strong interest in the prompt completion of tax audits and investigations.").
[57] *See Speidell*, 978 F.3d at 738 ("We have held that the IRS's burden in connection with these factors is 'slight,' because statutes like 26 U.S.C. § 7602(a) 'must be read broadly to ensure that the enforcement powers of the IRS are not unduly restricted.'" (quoting *United States v. Balanced Fin. Mgmt.*, 769 F.2d 1440, 1443 (10th Cir. 1985))).
[58] For example, Petitioners argue that the "**IRS has allowed MIS for various other (well-resourced) taxpayers** without dire public consequences." Reply 6.
[59] For instance, Petitioners argue that summons enforcement would violate their free speech rights and lead to the "impermissible implementation of a Chinese-style system of social credits, where the Government as a Ministry of Truth trolls . . . the public arena to target . . . individuals . . . to deter disfavored expression." Reply 6–7.
[60] *Jud. Watch*, 241 F. Supp. 2d at 18; *see High Desert Relief, Inc. v. United States*, No. 16-cv-1255, 2017 WL 2266871, at *3 (D.N.M. Apr. 30, 2017) ("[D]elaying the IRS's investigation . . . delays the public interest in seeing all taxpayers pay their fair share of taxes.").
[61] ECF No. 28.